# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTON MICHAEL WHITE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendants. | Case No. 1:13-cv-1706-SMS<br><br>ORDER GRANTING MOTION OF LAW OFFICES OF LAWRENCE D. ROHLFING TO WITHDRAW AS ATTORNEY FOR PLAINTIFF KRYSTON MICHAEL WHITE.<br><br>(Doc. 12) |

Plaintiff seeks judicial review of a final decision of the Commissioner of **Social Security** denying Plaintiff's application for benefits. Parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment (Docs. 7 & 8). *See* 28 U.S.C. § 636(c)(1). Before the Court in the above-styled and numbered cause of action is Plaintiff's Counsel the Law Offices of Lawrence D. Rohlfing's Motion to Withdraw as Attorney of Record, filed on August 7, 2013 (Doc. 12). By this motion, Plaintiff's attorneys ("Rohlfing") moved to withdraw as counsel, stating that the attorney-client relationship had deteriorated and counsel could not proceed. The Commissioner has not filed opposition to Rohlfing's motion.

On June 25, 2014, the Court presided over a hearing where Plaintiff's counsel, Denise Bourgeois Haley at Rohlfing, appeared telephonically.  Though given notice by the Court and by counsel, Plaintiff made no appearance.  Haley informed the Court that in her last communication with Plaintiff, Plaintiff had indicated that she preferred not proceed with this action.  Haley advised the Court that since that conversation Plaintiff had neither communicated with counsel nor responded in any way to repeated attempts at contact.  The Court noted that Plaintiff had not contacted the Court nor indicated that she had retained other counsel.

In an abundance of caution, the Court held a supplemental hearing on August 27, 2014, where again Plaintiff's counsel Haley appeared telephonically but Plaintiff made no appearance.  While searching for the Plaintiff in the hallway, neither the Courtroom Deputy nor courtroom security observed any individuals outside or near the courtroom.  The Court confirmed Plaintiff's address and telephone number with counsel.  Counsel advised the Court that she had sent Plaintiff correspondence through the U.S. Postal Service and had not received any returned mail.  The Court observed that the Clerk's Office had also sent correspondence to Plaintiff, including notice of the hearing, and had likewise received no return mail or notification of change of address.

Attorneys may generally withdraw from representation upon the request of the client.  Local Rule 83-182(d) provides, in pertinent part, "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules."  *See* Cal.R.P.C. 3-700(C)(5) (permitting an attorney to withdraw from representation in a pending matter when the client "knowingly and freely consents to termination of the employment") and (5)(d) (permitting an attorney to withdraw when representation has become unreasonably difficult).  California's rules require the notice of motion and declaration to be served on the client and all other parties who have appeared in the case.  CRC 3.1362(d).  All parties have been served with the notice of motion to withdraw.

2

Having considered all written materials submitted, oral argument at the two hearings, and applicable law, the Court finds that the complete breakdown in attorney-client communication has rendered representation unreasonably difficult. On this basis, the Court concludes that counsel's motion for leave to withdraw should be granted.

**Plaintiff Kryston Michael White is advised that failure to take appropriate legal action may result in serious legal consequences, and consideration of obtaining legal assistance is strongly advised.**

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel for Plaintiff Kryston Michael White, brought by the Law Offices of Lawrence D. Rohlfing (Doc. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the briefing schedule is extended, and Plaintiff **SHALL** have forty-five (45) days from this order in which to file an opening brief.

**IT IS FURTHER ORDERED** that The Law Offices of Lawrence D. Rohlfing **SHALL**:

1. serve Plaintiff with a copy of this order within ten (10) days; and,
2. send all documents composing Plaintiff's file to the Plaintiff, or successor counsel at such address as Plaintiff may designate, within thirty (30) days of this order.

**IT IS FINALLY ORDERED** that within thirty (30) days of this order, Plaintiff shall file with the Clerk of Court a notice of the successor counsel's name, address, and telephone number. In the event that Plaintiff may legally proceed *in propria person* and elects to do so, Plaintiff **SHALL** notify the Clerk of Court of the intent to so proceed and of Plaintiff's current address and telephone number.

IT IS SO ORDERED.

Dated:   **September 3, 2014**         **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28